MIRIAM A. MALONEY, Plaintiff-Appellant, *v.* JOHN W. MALONEY, Defendant-Appellee.

First District (3rd Division)    No. 79-1120

Opinion filed September 3, 1980.

Herbert P. Carlson, of Chicago, for appellant.

Bossov, Lipschultz & Associates, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

After a hearing on a post-judgment motion, the trial court ordered plaintiff, Miriam A. Maloney, to execute a deed conveying her interest in the marital residence to defendant, John W. Maloney, for $5,000 pursuant to an oral agreement contained in the judgment of divorce. Plaintiff appeals.

On March 19, 1975, plaintiff was awarded a judgment of divorce into which the court incorporated the parties' oral agreement. The agreement provided that the parties have joint custody of their 15-year-old son, Ronald, but that defendant would have physical custody of Ronald with visitation privileges allowed to plaintiff. The agreement further provided that the parties waived alimony; that plaintiff be granted an automobile and camper; that defendant maintain insurance and hospitalization in favor of plaintiff; and that defendant be given the household furniture. The agreement further stated that the parties jointly own property at 11212 South Troy Street in Chicago and, in the portion of the agreement at issue in this appeal, went on to say:

> "That said property will remain in the possession of the husband until the minor child reaches the age of Eighteen (18), at which time the property will be sold and the amount of $5,000.00 paid to the Plaintiff out of the proceeds of said sale, or from other sources so that the total amount reaches $5,000.00."

On February 24, 1976, plaintiff petitioned the court for custody of Ronald. She also requested reasonable child support and an immediate sale of the marital home with the proceeds to be divided equally. On that same date, the court ordered defendant to pay child support of $20 per week and to pay Ronald's high school tuition. Sometime later in 1976, the parties entered into an agreed order whereby defendant would pay $50

per month child support. (The record on appeal does not contain the agreed order, but its existence does not appear to be in dispute. Likewise, no order changing custody of the minor child is contained in the record but in view of the orders of support entered, custody must have been granted to plaintiff.)

On April 5, 1979, defendant filed a petition for a rule to show cause why plaintiff should not be held in contempt of court for her refusal to execute a deed conveying the marital premises. The petition recited that after Ronald reached 18, defendant placed the residence up for sale. On March 3, 1979, defendant accepted an offer to purchase said property, but plaintiff refused to sign the deed of conveyance. Plaintiff filed a general denial to that petition. On April 24, 1979, the trial court ordered plaintiff to execute the deed within five days. On May 1, 1979, plaintiff filed a consolidated verified answer to defendant's petition for a rule and an amendment to her petition for post-judgment relief. She asked the court to require the payment of $5,000 to her from the proceeds of the sale of the property before the remaining balance was divided equally between defendant and her, or in the alternative that the provision of the agreement regarding payment of $5,000 to her be declared null and void and that the parties share profits equally. On May 2, 1979, the trial court denied plaintiff's petition and entered an order holding that the language of the agreement in the divorce judgment gave defendant the right to sell the property without plaintiff's consent as long as plaintiff receives $5,000.

We believe that the trial court erred in not permitting plaintiff to introduce evidence of extrinsic facts and circumstances to ascertain the true intent of the parties.

In construing an agreement, the determinative factor is to effect the intentions of the parties. (See *Adkisson v. Ozment* (1977), 55 Ill. App. 3d 108, 370 N.E.2d 594.) Where the terms of the agreement are plain and unambiguous, the intent of the parties must be ascertained solely from the words employed therein. (*Herbert Shaffer Associates, Inc. v. First Bank* (1975), 30 Ill. App. 3d 647, 332 N.E.2d 703.) Where, however, the terms are open to more than one reasonable interpretation, evidence of extrinsic facts and circumstances are admissible to determine the true intent of the parties. *Standard Steel & Wire Corp. v. Chicago Capital Corp.* (1975), 26 Ill. App. 3d 915, 326 N.E.2d 33.

Both sides argue in this court that the language of the agreement is clear and unambiguous, and that it is thus unnecessary to look beyond the four corners of the agreement contained in the judgment. Plaintiff insists that the language in question clearly demonstrates that after she receives $5,000, the balance of the proceeds from the sale of the jointly owned residence shall be divided equally between defendant and her. Defendant, on the other hand, maintains that the language clearly restricts plain-

tiff to a total of $5,000 after the sale of the property. In our view, the terms of the agreement are so doubtful and ambiguous as to require extrinsic evidence of its subject matter and of the facts and circumstances surrounding the parties when they entered the agreement in order to enable the court to make a proper interpretation of the agreement. Our view is supported by the remarks of the trial judge at the hearing on the parties' motions for relief. The judge stated that he could not go behind the terms of the agreement contained in the judgment, but that it seemed to the court that if the intention had been to give plaintiff more than $5,000, the agreement would not have been so curt but would have included all the mechanics of the property division. The judge then agreed with plaintiff's counsel that in making these comments he was in fact going behind the judgment, but denied plaintiff's request for an opportunity to submit evidence of extrinsic facts and circumstances. We also note that, approximately 11 months after entry of the judgment, plaintiff's petition for child support contained a request for a court ordered sale of the marital home with an equal division of the proceeds. Although no ruling was ever made on this request, the record reveals no assertion by defendant objecting to plaintiff's construction of the agreement.

Accordingly, we hold that a hearing is required at which the parties may submit extrinsic evidence of the facts and circumstances surrounding the entry of the agreement.

For the reasons stated, the order of the circuit court of Cook County denying plaintiff's petition for relief is reversed, and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Reversed and remanded.

McGILLICUDDY, P. J. and SIMON, J., concur.